**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MYRON WENDELL SHEPPARD,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **NO. 5:10-cv-192 (MTT)** |
| | : | |
| **ALAN CARTER,** | : | |
| | : | **Proceedings Under 28 U.S.C. § 2254** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Myron Wendell Sheppard's 28 U.S.C. § 2254 petition seeking habeas corpus relief. The petition contains three grounds, all of which involve alleged violations of Petitioner's constitutional confrontation rights. Because Petitioner's grounds are either procedurally defaulted or fail to state a claim, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

## PROCEDURAL HISTORY

On August 13, 2002, a Jasper County Grand Jury indicted Petitioner Myron Wendell Sheppard on four counts of child molestation and one count of aggravated child molestation, all involving Petitioner's daughter. Doc. 5-2 at 11-14. After dismissing the aggravated child molestation count and two child molestation counts for lack of venue, the State proceeded against Petitioner on the remaining two counts of child molestation. Doc. 5-2 at 15-18.

Prior to trial, the State provided a notice of intent to present evidence of similar transactions involving Petitioner's alleged molestation and inappropriate behavior towards minors and teenagers. Doc. 5-2 at 48-50. On June 14, 2004, the trial court held a hearing on the similar transactions evidence. Doc. 5-20. At the hearing, the State proffered that it would

1

introduce at trial testimonial evidence of nine females who were alleged victims of molestation by or inappropriate advances by Petitioner. Id. The State provided the names of the witnesses and described the events surrounding the similar transactions. Id. The State stated that the transactions were intended to show bent of mind and intent, as well as to corroborate the testimony of the victim. Id. The State also proffered that there would be sufficient evidence presented at trial to establish that Petitioner committed the acts giving rise to the similar transactions. Id. Petitioner argued at a pretrial hearing that the transactions involving inappropriate advances and attempted child molestation were not sufficiently similar to constitute similar transactions. Id. Petitioner also contended that the evidence of similar transactions would be overly prejudicial by taking the jury's attention away from the case-in-chief and overemphasizing the similar transactions testimony. Id. The trial judge overruled Petitioner's objections and allowed the State to present the similar transactions evidence at trial. Id.

Petitioner was tried by a Jasper County jury from June 15-18, 2004. Doc. 5-5. At trial, the State presented testimony from, among other witnesses, the victim, the victim's mother, and the females involved in the similar transactions, all of whom were subjected to cross-examination. Id. Petitioner testified on his own behalf. Id. The jury found Petitioner guilty of both counts of child molestation. Doc. 5-2 at 73. The court sentenced Petitioner to a total of twenty years, with the first ten years to be served in prison and the remaining balance to be probated. Id.

After obtaining new counsel, Petitioner filed a motion for new trial. Doc. 5-2 at 88. Petitioner's motion for new trial, as amended, was denied on August 2, 2007. Doc. 5-3 at 62. Petitioner then filed a direct appeal, raising the following three issues:

1. [Petitioner]'s conviction was based on multiple bolstering and vouching child hearsay extrajudicial statements in violation of constitutional Confrontation, Due Process, and Equal Protection.

2. The Georgia Child Hearsay Statute, O.C.G.A. § 24-3-16, is unconstitutional under which multiple testimonial hearsay extrajudicial statements were allowed to be introduced in violation of the Sixth and Fourteenth Amendments of the United States Constitution as well as the Georgia Constitution right of Confrontation, Due Process, and Equal Protections;

3. Introduction of similar transaction evidence was introduced to inflame and influence the jury to demonstrate prior legal acts of the [Petitioner] and alleged prior child molestation for which the [Petitioner] had not been convicted and was not charged.

Doc. 5-16 at 5. Because Petitioner contended that the Georgia Child Hearsay statute was unconstitutional, the Georgia Court of Appeals transferred the case to the Georgia Supreme Court. Doc. 5-4 at 8.

The Georgia Supreme Court found that Petitioner had failed to preserve the constitutional challenge to the Georgia Child Hearsay statute for appeal, as Petitioner did not raise the challenge until the motion for new trial. Doc. 5-4 at 12. The Georgia Supreme Court then returned Petitioner's appeal to the court of appeals to resolve Petitioner's remaining two claims. Id. The court of appeals adopted the Georgia Supreme Court's decision that Petitioner had waived his challenge to the Georgia Child Hearsay statute, and found that Petitioner had also waived his constitutional challenges to the child hearsay testimony itself. Doc. 5-4 at 16-17. Because there was nothing in the record evidencing that the trial court had conducted a hearing pursuant to Georgia Uniform Superior Court Rule 31.3(B) regarding the similar transactions evidence, the court of appeals vacated Petitioner's convictions and remanded the case with instructions to determine whether a Rule 31.3(B) hearing had already been held and, if not, to hold such a hearing. Id. at 18-19.

Because there had in fact been a Rule 31.3(B) hearing prior to trial, the trial court reinstated Petitioner's convictions. Doc. 5-4 at 20. Petitioner again appealed his convictions, reasserting the same three claims from his previous appeal. Doc. 5-18. The court of appeals reaffirmed that Petitioner had waived his two constitutional hearsay claims. Doc. 5-1 at 7. The court of appeals also found that because the similar transactions witnesses testified at trial and were subject to cross-examination, the trial court had committed no error regarding the similar transaction evidence. Id. The court of appeals therefore affirmed the trial court's judgment. Id. The Georgia Supreme Court denied *certiorari*. See Sheppard v. State, 300 Ga. App. 261 (2009). Petitioner did not seek state habeas corpus relief. Petitioner, through the assistance of his direct appeal counsel, filed the instant Section 2254 petition on May 13, 2010. Doc. 64.

STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for the purpose of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> [Viewed in the light most favorable to the verdict], the record shows that on Christmas Eve 1992, Sheppard was lying beneath the victim, who was seven years old at the time, when he put his tongue into her mouth and placed her hand on his erect penis. After the victim got up to go to bed in another room, Sheppard followed her into the room, laid down beside her, put his hand down her pants, and touched her vagina. As the family moved from Putnam County, where the incident occurred, to Jasper County, where the attacks continued, the victim told her mother and some friends about them. For some time, the victim's mother accepted her husband's denials. When the victim told her mother some years later about one fondling incident immediately after it occurred, however, the mother confronted Sheppard, who stopped the molestation but denied that the abuse had occurred.
>
> In 2002, the Baldwin County Department of Family and Children Services (DFACS) received a tip and approached the victim at her school, at which time she confirmed that the molestation had occurred. Sheppard left the family's house the next day, traveling to Kentucky, Arkansas, Mexico, and Belize before being apprehended in Costa Rica. Sheppard tried at least twice to convince the victim to

4

recant. A jury found Sheppard guilty of two counts of child molestation, and he was sentence to twenty years with ten to serve. His motion for new trial was denied.

Sheppard v. State, 294 Ga. App. 270, 271 (2008).

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).  After a review of the record in this case, and in light of the above fact statement, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of  28 U.S.C. § 2254(d), this court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir.2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

Petitioner's Section 2254 petition essentially raises the same three grounds that Petitioner raised on direct appeal: (1) that Petitioner's conviction was based on multiple bolstering and vouching child hearsay extrajudicial statements in violation of constitutional confrontation, due process, and equal protection; (2) that the Georgia Child Hearsay Statute, O.C.G.A. § 24-3-16, is unconstitutional under which multiple hearsay extrajudicial statements were allowed to be introduced in violation of the Sixth and Fourteenth Amendments of the United States Constitution as well as the Georgia Constitution's right of confrontation, due process, and equal protection; and (3) that similar transaction evidence was introduced without a proper Rule 31.3(B) hearing, to inflame and influence the jury by demonstrating prior legal acts of the defendant and alleging prior child molestation for which defendant had not been charged or convicted, in violation of Petitioner's Sixth and Fourteenth Amendment rights. Because

Petitioner's first two grounds are procedurally defaulted and because the Georgia Court of Appeals' decision regarding ground three is not contrary to clearly established federal law or unreasonable in light of the facts presented, Petitioner is not entitled to relief.[1]

1. Grounds One and Two

In Ground One Petitioner contends that his conviction was based on multiple child hearsay statements, in violation of his constitutional rights of confrontation, due process, and equal protection. In Ground Two Petitioner contends that Georgia's Child Hearsay statute is unconstitutional. Petitioner raised both grounds on direct appeal. The court of appeals found that Petitioner waived his claim in Ground One because Petitioner failed to object at trial to any of the statements that he complained of on appeal based on constitutional grounds. The Court of Appeals adopted the Georgia Supreme Court's decision regarding Ground Two, which found that the claim was waived because it was first raised after the return of the guilty verdict. Because the state court's determination that Petitioner had procedurally defaulted these claims rested on adequate state law grounds and because Petitioner has presented no evidence to excuse procedural default, Grounds One and Two are procedurally defaulted.

A federal habeas court may not review a petitioner's federal constitutional claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 750 (1991) holding modified by Martinez v. Ryan, 132 S.Ct. 1309, 1318-19 (2012). The Eleventh Circuit has established a three-part test to determine whether the state court's determination constitutes an independent and adequate state rule of decision: (1) the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without

---

[1] Petitioner has not raised any claim of ineffective assistance of trial counsel, and, because Petitioner did not file a state habeas corpus petition, such claims would appear to be unexhausted.

reaching the merits of the claim; (2) the state court decision must rest on state law grounds and may not be "intertwined with the interpretation of federal law;" and, (3) the state court's procedural rule must be firmly established and regularly followed. Card v. Dugger, 911 F.2d 1494, 1516-17 (11th Cir. 1990).

Petitioner has failed to show that the state court's findings were not based on independent and adequate state law grounds.[2] In its final decision, the Georgia Court of Appeals expressly stated that Petitioner's two grounds were defaulted, stating that the claims were "identical to the first two enumerations in his initial appeal, and this Court already has determined that those assertions of error have been waived." Sheppard v. State, 300 Ga. App. 261, 263 (2009) (citing Sheppard v. State, 294 Ga. App. 270, 271-272 (2008)). Relying on Georgia law, the Court of Appeals found that Ground One was defaulted because Petitioner failed to object at trial to the alleged improper hearsay. Sheppard, 294 Ga. App. at 272 (citing Estes v. State, 279 Ga. App. 394, 396-97 (2006)). Again relying on Georgia law, the Court of Appeals found that Ground Two was similarly defaulted because Petitioner failed to challenge the constitutionality of the statute until after the guilty verdict was returned. Id. (citing Estes, 279 Ga. App. at 394-95; Lewis v. State, 279 Ga. 69, 70 (2005). Because the Court of Appeals determined that the claims were waived pursuant to established Georgia procedural law, Grounds One and Two of Petitioner's Section 2254 petition are procedurally defaulted.

Petitioner has also failed to present evidence to overcome procedural default. Procedural default can be excused in limited circumstances. See Coleman, 501 U.S. at 750. If the respondent establishes that default has occurred, the petitioner bears the burden of establishing that either (1) cause and prejudice or (2) a fundamental miscarriage of justice exists to overcome the default.

---

[2] In fact, Petitioner has failed to address any issues regarding procedural default despite the Georgia Court of Appeals' determination on two occasions that the claims were defaulted.

Gordon v. Nagle, 2 F.3d 385, 388 (11th Cir. 1993). A finding of cause "must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986) (superseded by statute on other grounds). To establish prejudice, a petitioner must "show that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir. 1992). To establish a fundamental miscarriage of justice, a petitioner must show that there is a probability that he is actually innocent. Murray, 477 U.S. at 496.

Petitioner has failed to allege cause and prejudice or a fundamental miscarriage of justice. Although Petitioner could have claimed ineffective assistance of trial counsel as cause for procedural default, Petitioner must exhaust the ineffective assistance of counsel claim before raising it as cause for the default. See id. at 488-89. Because Petitioner failed to raise a claim of ineffective assistance of counsel during the state proceedings, such a claim is unexhausted. Accordingly, Petitioner has failed to overcome procedural default.

2. Ground Three

In Ground Three, Petitioner challenges the admission of similar transactions evidence. Petitioner contends that the evidence was introduced without a proper Rule 31.3(B) hearing and that the evidence served to inflame and influence the jury by demonstrating prior legal acts of the defendant and by alleging prior child molestation for which defendant had not been charged or convicted. Petitioner raised this issue on appeal. Citing Crawford v. Washington, 451 U.S. 36 (2004), the Court of Appeals found that Petitioner's right of confrontation was not violated because Petitioner had an opportunity to cross-examine the similar transactions witnesses at trial. Sheppard, 300 Ga. App. at 262-63. The Court of Appeals also found that Petitioner was not

deprived of any substantial rights based on the prosecution's proffer at the Rule 31.3(B) hearing. Id.

The court of appeals' decision was reasonable in view of the facts presented and did not involve an unreasonable application of federal law. The Sixth Amendment to the United States Constitution requires the accused to be afforded an opportunity to cross-examine a witness when hearsay statements of an unavailable witness are testimonial. Crawford, 541 U.S. at 68. The crux of the Confrontation Clause is that it demands that the reliability of a testimonial statement be tested by the "crucible of cross-examination." Id. at 61. Accordingly, "[w]hen the declarant is appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [the] prior testimonial statements." Id. at 59 n. 9. Because all declarants whom Petitioner complains of appeared and testified at trial, Petitioner's claim is without merit. As such, the court of appeals' decision was reasonable.

To the extent that Petitioner claims that his federal constitutional due process and equal protection rights were violated by the similar transactions evidence, Petitioner's claim is unexhausted and procedurally defaulted. Petitioner did not raise his claim under the Fourteenth Amendment on appeal. Although Petitioner mentioned due process in passing, a general passing reference to due process is not sufficient to alert the state courts that Petitioner sought to raise a Fourteenth Amendment claim. See Issacs v. Head, 300 F.3d 1232, 1254 (11th Cir. 2002). Georgia requires a petitioner to raise a claim at trial and on appeal in order to preserve the claim for habeas corpus review. O.C.G.A. § 9-14-48(d). When it is clear that the unexhausted claims would be procedurally barred in state court due to a state law procedural default, federal courts may treat those claims as barred and deny relief. Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998). Petitioner did not raise this claim under the Fourteenth Amendment on appeal, and

Petitioner would therefore be barred from raising the issue in a state habeas corpus proceeding. Petitioner has again failed to allege cause and prejudice or a fundamental miscarriage of justice, and therefore has failed to overcome default. Accordingly, Petitioner is not entitled to relief.

CONCLUSION

Because Grounds One and Two are procedurally defaulted and because Petitioner has failed to demonstrate that the state court's decision regarding Ground Three resulted in a decision that was: (1) unreasonable in light of the evidence; or (2) contrary to or the result of an unreasonable application of clearly established federal law as determined by the United States Supreme Court, it is **RECOMMENDED** that his petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of October, 2012.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge